CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 29 2016

JULIA C. DUDLEY, CLERK
BY: HMcPhee
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY ROBINSON,<br>    Plaintiff, | ) ) ) | Civil Action No. 7:15-cv-00703 |
| v. | ) ) | MEMORANDUM OPINION |
| BRIAN SHAFFNER, et al.,<br>    Defendants. | ) ) ) | By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge |

Jerry Robinson, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming the New River Valley Regional Jail ("Jail") and correctional officer Brian Shaffner as defendants. Plaintiff alleges that Shaffner removed Plaintiff from the Jail's "pill line," shined a light inside Plaintiff's mouth, stuck his finger inside Plaintiff's mouth, and did not find anything inside. Plaintiff further alleges that Shaffner's act violated Jail policy.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not identify what federal law Shaffner allegedly violated, and none is apparent from the allegations. Cf. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991). A claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Furthermore, the Jail is not a proper defendant to a § 1983 action. See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.

1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"). Accordingly, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

ENTER: This 29th day of January, 2016.

Senior United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).